IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMEREAH DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1127-CFC-EGT |
| | ) | |
| OFFICER RANDAZZO et al., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Amerah Davis filed this action pursuant to 42 U.S.C. § 1983. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Presently before the Court is the motion of Defendant Officer Randazzo to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6). (D.I. 23). For the reasons set forth below, the Court recommends that Officer Randazzo's motion be GRANTED. The Court also screens the Amended Complaint as to the remaining Defendants – Officer Walker and John Doe Officers 1-5 – pursuant to 28 U.S.C. § 1915(e) and recommends that those claims be DIMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

On October 5, 2023, at around 2:00 p.m., officers arrived at Plaintiff's home, removed her from the residence and detained her. (D.I. 21 ¶¶ 8-15). Officers then searched the residence and seized some unspecified property from therein. (*Id.*). According to Plaintiff, Officer Randazzo was "personally involved in initiating, directing, and executing the search." (*Id.* ¶ 19). No warrant was presented to Plaintiff before officers removed and detained Plaintiff, searched her home or seized her property. (*Id.* ¶¶ 12-13). Later that day, at 4:04 p.m., a search warrant was issued to Officer Randazzo, listing him as the investigating and executing officer. (*Id.* ¶ 16). Plaintiff

challenges the constitutionality of the foregoing search of her home and resulting seizure of property as occurring prior to the issuance of a valid warrant. (*Id.* ¶¶ 20-24).

On September 10, 2025, Plaintiff filed the present action against Officer Randazzo, John Doe Officers 1-5, John Doe Probation Officer 6, New Castle County, Delaware and Delaware Department of Correction. (D.I. 2). On November 12, 2025, Chief Judge Connolly screened the original Complaint, dismissing the Delaware Department of Correction and New Castle County as defendants and all claims against remaining defendants in their official capacities but allowing claims against defendants in their individual capacities to proceed. (D.I. 9). A few months later, on February 4, 2026, Plaintiff sought to amend her Complaint to identify Andrew Fritz as one of the officers involved. (D.I. 10 at 1). Before the Court ruled on Plaintiff's motion to amend, Officer Randazzo filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (D.I. 13 & 14). Plaintiff filed another motion for leave to amend on May 5, 2026 (D.I. 18), which was granted as unopposed (D.I. 19 & 20). On May 14, 2026, Plaintiff filed the First Amended Complaint, continuing to name as defendants Officer Randazzo and John Doe Officers 1-5 and adding Officer Walker,[1] who was "present during the incident."[2] (D.I. 21 ¶¶ 4-7). Officer Randazzo filed another motion to dismiss under Rule 12(b)(6) on May 26, 2026. (D.I. 23 & 24). The motion is fully briefed. (D.I. 25 & 26).

## II. LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the

---

[1] Officer Walker was named for the first time in this amended pleading and has not been served.

[2] Plaintiff's original Complaint contained additional facts with a different date (October 6, 2023) for the complained-of search. But there can only be one operative pleading, and it is the First Amended Complaint.

plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

## III. DISCUSSION

The Court first addresses the motion to dismiss filed by Officer Randazzo (D.I. 23) and then turns to screening the First Amended Complaint.

### A. Officer Randazzo's Motion to Dismiss (D.I. 23)

Officer Randazzo argues that dismissal is warranted here because there are no plausible allegations as to his personal involvement in any constitutional violation. (D.I. 24). To advance a § 1983 claim, a plaintiff must "aver facts to show the defendant's personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3rd. Cir. 2020) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Personal involvement requires "allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. Here, the Amended Complaint does not attribute any specific actions to Officer Randazzo that allegedly violated Plaintiff's constitutional rights.

The First Amended Complaint identifies Officer Randazzo as a law enforcement officer (*see* D.I. 21 ¶ 5) and indicates that a warrant was issued to him at approximately 4:04 p.m. on the day that Plaintiff's home was searched (*id.* ¶ 16). The only other allegation relating to Officer Randazzo is that he "was personally involved in initiating, directing, and executing the search." (*Id.* ¶ 19). The remaining allegations as to the search and seizure of Plaintiff's property generically refer to "officers" (*id.* ¶¶ 10 & 12-14) or are drafted in passive voice without any identified actor (*id.* ¶¶ 11, 15 & 17). The First Amended Complaint is essentially a list of non-descript – possibly unconstitutional – actions that happened to Plaintiff alongside a conclusory statement that Officer Randazzo was responsible for that series of events. Without more, Plaintiff has not alleged sufficient personal involvement by Officer Randazzo in the complained-of unconstitutional search and seizure. The Court thus recommends Defendant Randazzo's motion to dismiss be granted and that any claims against him in the First Amended Complaint be dismissed.

**B. Screening the First Amended Complaint as to Officer Walker and John Does**

Plaintiff originally filed this § 1983 action against Officer Randazzo, John Doe Officers 1-5 and several others that have since been dismissed. (D.I. 2; *see also* D.I. 9 (Judge Connolly's screening order)). In her First Amended Complaint, Plaintiff continues to name Officer Randazzo and John Doe Officers 1-5 as defendants and attempts to add Officer Walker as a defendant. (D.I. 21). Out of an abundance of caution, the Court will screen the First Amended Complaint as to Officer Walker and John Doe Officers 1-5.

1. <u>Officer Walker</u>

As to Officer Walker, the Court will dismiss any claims against him as time-barred. Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the cause of action accrued. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from when the cause of action accrues. 10 *Del. C.* § 8119; *see also Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (claims under § 1983 accrue when plaintiff knew or should have known of the actionable injury). The two-year limitations period is subject to Delaware's tolling provisions. *St. Louis v. Haller*, 215 F. Supp. 3d 307, 313 (D. Del. 2016).

According to the First Amended Complaint, the complained-of search and seizure occurred on October 5, 2023. (D.I. 21 ¶ 8; *see also* D.I. 2 ¶ 14 (original Complaint alleging incident occurred on October 6, 2023)). Although Plaintiff filed this case in September 2025, Officer Walker was not named as a defendant until May 2026. (D.I. 21; *see also* D.I. 18). Because Plaintiff did not assert her § 1983 claim against Officer Walker within the two-year limitations period, the claim is time-barred unless Plaintiff can show relation back under Federal Rule of Civil Procedure 15(c).

An amended claim may "relate back" to the original complaint and cure the running of the statute of limitations. FED. R. CIV. P. 15(c); *Singletary v. Pennsylvania Dep't. of Corr.*, 266 F.3d

186, 189 (3d Cir. 2001); *Nelson v. Cnty of Allegheny*, 60 F.3d 1010, 1015 (3d Cir. 1995). A claim against a newly added party may relate back to the date of the original pleading when (1) the claim arose out of the same conduct as the original pleading, (2) the newly named party received notice of the action within ninety (90) days of the original complaint and (3) the newly named party knew or should have known within ninety (90) days that the action would have been brought against it but for a mistake in the party's identity. FED. R. CIV. P. 15(c)(1)(C). Notice can be actual, constructive, implied or imputed. *Singletary*, 266 F.3d at 195. Here, although the claim against Officer Walker arose out of the same incident at issue in the original Complaint, there is no evidence that Officer Walker received notice of this action within ninety (90) days of the original Complaint being filed. He was not named as a defendant until 200-some days past the filing of the original Complaint. (*Compare* D.I. 2 (original Complaint filed on September 10, 2025), *with* D.I. 18 (request for leave to amend and add Officer Walker filed on May 14, 2026), *and* D.I. 21 (First Amended Complaint adding Officer Walker filed on May 14, 2026)). And the Court has no basis to infer that Officer Walker otherwise received notice of this action such that he would not be prejudiced in defending against it. FED. R. CIV. P. 15(c)(1)(C)(i). Plaintiff's newly added § 1983 claim against Officer Walker does not relate back to the original Complaint and is time-barred.

Additionally, Plaintiff does not plausibly allege that Officer Walker had sufficient personal involvement – or any involvement at all – in the complained-of acts to be held liable under § 1983. All that Plaintiff alleges is that "defendant Officer Walker was present during the incident." (D.I. 21 ¶ 6). Nothing more. This barebones pleading is plainly insufficient to state a § 1983 claim against Officer Walker. *See Dooley*, 957 F.3d at 374; *Rode*, 845 F.2d at 1207.

In sum, because Plaintiff fails to plausibly allege that Officer Walker was personally involved in the complained-of constitutional violations and because the claims are time-barred, the claims against Officer Walker should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

2. John Doe Officers 1-5

As to the John Doe Officers, the First Amended Complaint only provides that John Doe Officers 1-5 "participated in the events." (D.I. 21 ¶ 7). Although use of a John Doe defendant is permissible in certain situations until discovery permits the defendants to be identified, Plaintiff must still allege sufficient personal involvement by the John Does to adequately plead a claim. *See Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009). Plaintiff does not do so here. She merely alleges that "Defendants" or "Officers" did the complained-of acts, without any indication as to who did what purportedly unconstitutional act. (D.I. 21 ¶¶ 8-19). Plaintiff has failed to adequately plead – with sufficient facts – the John Doe Officers' personal involvement in the alleged violation. *See Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2005) (allegations must name the individuals responsible, the conduct, the time and the place of the incident). And merely referring to "Defendants" collectively fails to name which specific defendants engaged in the violative conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113-14 (3d Cir. 2014); *see also Diggs v. Bucks Cnty.*, No. 24-cv-4827, 2025 WL 540013, at *3 (E.D. Pa. Feb. 18, 2025) (dismissing complaint for failing to allege personal involvement when referring to "Defendants" without specifying which individuals involved). Therefore, the Court recommends that any claims against John Doe Officers 1-5 be dismissed from the First Amended Complaint.

**C. Leave to Amend**

The Court has now recommended dismissal of all claims in the First Amended Complaint. Although a close call, the Court cannot conclude at this juncture that further amendment would be futile. Therefore, the Court recommends that Plaintiff be given one final opportunity to amend.

Any amended pleading filed by Plaintiff must be a comprehensive pleading that stands by itself without reference to previously filed (and dismissed) pleadings and which sets forth the claims in short, concise statements with adequate factual support.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendant Randazzo's motion to dismiss (D.I. 23) be GRANTED. The Court further recommends that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the claims against Officer Walker and John Doe Officers 1-5 be DISMISSED WITHOUT PREJUDICE. The Court finally recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: October 9, 2026

UNITED STATES MAGISTRATE JUDGE